Annie M. Turner (315861)
annie.turner@dinsmore.com
DINSMORE & SHOHL LLP
550 S. Hope Street, Suite 2800
Los Angeles, CA 90071-2681
Tele:   213-335-7737
Fax:    213-335-7740

Cindy Speegle (285987)
cindy.speegle@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Tele: 619-400-0500
Fax:  619-400-0501

Attorneys for Defendant UNITED PARCEL SERVICE, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEZMYND LEWIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., a corporate entity form unknown; and DOES 1-50 inclusive,<br><br>Defendants. | Case No.:<br><br>Complaint Filed:        October 20, 2025<br><br>**NOTICE OF REMOVAL** |

United Parcel Service, Inc., (hereinafter "UPS"), by counsel and pursuant to 28 U.S.C. sections 1332, 1441, and 1446, hereby give notice of the removal of the above-styled action to this Court. In support of its Notice of Removal, UPS states as follows:

## THE STATE COURT ACTION

1.     On October 20, 2025, Plaintiff Dezmynd Lewis ("Plaintiff") filed a complaint ("Complaint") against UPS in the Superior Court of the State of California, County of Yolo in the

matter entitled *Dezmynd Lewis v. United Parcel Service, Inc., a corporate entity form unknown; and DOES 1-50, inclusive,* Case No. CV2025-3050 (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, summons, answer, and all process and pleadings, which were deemed served upon UPS in the State Court Action on December 22, 2025, are attached hereto as **Exhibits A through E**.

2. The Complaint alleges the following causes of action against UPS: (1) harassment in violation of the California Fair Employment and Housing Act ("FEHA"); (2) disability discrimination violation of the FEHA; (3) failure to accommodation in violation of the FEHA; (4) failure to engage in the interactive process in violation of the FEHA; (5) failure to prevent discrimination in violation of the FEHA; (6) retaliation in violation of the FEHA; (7) wrongful termination; (8) meal and rest break violations under the California Labor Code; (9) failure to pay overtime and wages; (10) failure to pay all compensation at termination; waiting time penalties in violation of the California Labor Code; (11) failure to provide employment records in violation of the California Labor Code; and (12) violation of Business & Professions Code § 17200 *et seq. See* Exhibit D, Complaint.

3. UPS disputes Plaintiff's allegations and believes each of Plaintiff's causes of action lacks merit.

4. No further proceedings have occurred in the State Court Action.

5. To the best of UPS' knowledge, although fictitious "Doe" Defendants are listed on the Complaint, no other proper defendants have been properly named or served with the Complaint. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

## REMOVAL PROCEDURES AND VENUE

6. This Notice of Removal is filed within thirty (30) days of UPS's notice of the lawsuit and is timely filed under 28 U.S.C. § 1446(b). Furthermore, this Notice of Removal is filed less than one (1) year from the commencement of this action pursuant to 28 U.S.C. § 1446(c)(1).

7. In accordance with 28 U.S.C. § 1446(d), UPS will promptly provide written notice of the filing of this Notice to Plaintiff.

///

8.      Pursuant to 28 U.S.C § 1446(d), UPS will file a duplicate copy of this Notice with the Clerk of the Superior Court of the State of California, County of Yolo.

9.      In accordance with 28 U.S.C. § 1446(b), a venue is properly placed in the United States District Court for the Eastern District of California because it is the district court for the district and division where the State Court Action is pending (Superior Court for the State of California, County of Yolo).

10.     Further, this action is not a worker's compensation action made non-removable by 28 U.S.C. § 1445(c).

## BASIS FOR REMOVAL

11.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP

12.     Plaintiff was employed by UPS in Yolo County, California and lives in California. Therefore, based on Plaintiff's Complaint, UPS in good faith is informed and believes that Plaintiff was and is a citizen of the State of California when this action was filed in state court, at the time of removal, and at all other times throughout the pendency of this case, and is therefore a citizen of California within the meaning of 28 U.S.C. § 1332.

13.     For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. UPS is a corporation incorporated in the state of Ohio with its principal place of business located in Atlanta, Georgia. Accordingly, UPS is a citizen of the state of Ohio and the state of Georgia.

14.     In determining whether a civil action is removable on the basis of jurisdiction arising under 28 U.S.C. § 1332, the citizenship of defendants sued under fictitious names, such as John Doe, is disregarded. See U.S.C. § 1332(b)(1).

15.     Based on the foregoing paragraphs, the requirement of complete diversity of citizenship is satisfied in this case.

///

**AMOUNT IN CONTROVERSY**

16.     In his Complaint, Plaintiff alleges he is entitled to, *inter alia*, "actual, consequential, and incidental damages, including but not limited to loss of earnings and employment benefits, according to proof, but no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000)." Ex. A, Complaint, at Pg. 25.  In other words, Plaintiff requests at least **$300,000** in actual damages.

17.     As Plaintiff has pleaded damages between $300,000 and $3,000,000, the amount in controversy "is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount."  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). As Plaintiff has asserted claims under the FEHA, the amount in controversy properly includes recoverable economic damages, emotional distress damages, attorneys fees, and punitive damages. *See Commodore Home Sys., Inc. v. Superior Court*, 32 Cal. 3d 211, 221 (1982) ("[I]n a civil action under the FEHA, all relief generally available in noncontractual actions, including punitive damages, may be obtained.").

18.     While UPS disputes punitive damages are warranted in this case, Plaintiff also claims "punitive and exemplary damages" against UPS. *See* Ex. A, Complaint, at Pg. 25. While there is no maximum sum, punitive damages typically range from one to four times the amount of actual damages.  *See Perez v. CarMax Auto Superstores Cal., LLC*, 13-CV-2886 BEN (BLM), 2014 U.S. Dist. LEXIS 11130, at * 4-5 (S.D. Cal. Jan. 28, 2014) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)). Assuming punitive damages are measured on the lower end, Plaintiff's punitive damages may be calculated at **$300,000.**

19.     Furthermore, Plaintiff filed a Statement of Punitive Damages pursuant to Code of Civil Procedure § 425.115.  Plaintiff indicated that he "reserves the right to seek $436,800.00 in Punitive Damages against [UPS] when he seeks a judgment in the above captioned lawsuit filed against [UPS]."  *See* Ex. B, Statement of Damages.

20.     Simply put, Plaintiff's Complaint ***requests*** damages of ***at least* $736,800.**

21.     Finally, "where the law entitled the plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought

by the plaintiff and thus contributes to the amount in controversy." *See Brady v. Mercedez-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). Notably, this includes future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 795 (9th Cir. 2018). When estimating attorney's fees for jurisdictional purposes, "the estimated attorneys' fees must simply be reasonable." *See Tijerina v. Alaska Airlines, Inc.*, 22-CV-203 JLS (BGS), 2022 U.S. Dist. LEXIS 140096, at * 24 (S.D. Cal. Aug. 5, 2022) (finding that $30,000 is a reasonable estimate for attorneys' fees in FEHA case); *Owuor v. Wal-Mart Assocs.*, 2:21-cv-02232-KJM-JDP, 2022 U.S. Dist. LEXIS 93804, at *6- (E.D. Cal. May 25, 2022) (finding that $30,000 is a reasonable estimate for attorneys' fees in a FEHA discrimination case). Like *Owour*, this Court may consider **$30,000** as a conservative but reasonable estimate of fees likely to be incurred in this suit.

22.     Accordingly, based on the significant and varied alleged sources of damages above, UPS asserts in good faith that the total amount "at stake" for Plaintiff's claims exceeds $75,000.

23.     Consequently, this Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this matter may be removed by UPS pursuant to 28 U.S.C. § 1441(a).

## **RESERVATION OF RIGHTS**

24.     UPS denies the allegations contained in Plaintiff's Complaint. UPS files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

25.     Further, in making the assertions in this Notice of Removal, UPS does not concede in any way that Plaintiff has alleged causes of action upon which relief can be granted, that the allegations or inferences drawn therefrom are accurate, or that Plaintiff is entitled to recover any amounts sought.

26.     UPS further reserves the right to amend or supplement this Notice of Removal as appropriate.

///

///

///

///

1       WHEREFORE, UPS respectfully requests that this action be removed to the United States

2  District Court for the Eastern District of California, and the Superior Court of California, County of

3  Yolo proceed no further with respect to this action.

4

5  Dated: January 15, 2026             Respectfully submitted,

6                                      DINSMORE & SHOHL LLP

7

8                                      By:   /s/ Annie M. Turner

9                                          Annie M. Turner
                                          Cindy Speegle

10                                     Counsel for Defendant, UNITED
                                        PARCEL SERVICE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jihad M. Smaili [SBN: 262219]<br>SMAILI & ASSOCIATES, PC<br>2114 N Broadway, Suite 200<br>Santa Ana, CA 92706<br>TELEPHONE NO.: 714-547-4700          FAX NO. : 714-547-4710<br>EMAIL ADDRESS: jihad@smaililaw.com<br>ATTORNEY FOR *(Name):* PLAINTIFF | ELECTRONICALLY FILED<br>by Superior Court of CA,<br>County of Yolo,<br>on 10/20/2025 5:20 PM<br>By: C Palos, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  YOLO
STREET ADDRESS: 1000 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Woodland, CA 95695
BRANCH NAME: Yolo Superior Court- Civil Division

CASE NAME:
    DEZMYND LEWIS v. UNITED PARCEL SERVICE, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)  [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CV2025-3050<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)
   **Employment**
   [x] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)
   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 12 (twelve)
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date:  10/20/2025

Jihad M. Smaili, Esq.                        ▶          /s/ *Jihad M. Smaili*
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                          **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
    Auto (22)–Personal Injury/Property
        Damage/Wrongful Death
        Uninsured Motorist (46) *(if the
        case involves an uninsured
        motorist claim subject to
        arbitration, check this item
        instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
            Wrongful Death
    Product Liability *(not asbestos or
        toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice–
            Physicians & Surgeons
        Other Professional Health Care
            Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
            and fall)
        Intentional Bodily Injury/PD/WD
            (e.g., assault, vandalism)
        Intentional Infliction of
            Emotional Distress
        Negligent Infliction of
            Emotional Distress
        Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) *(not civil
        harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
            *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)
**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
            Contract *(not unlawful detainer
            or wrongful eviction)*
        Contract/Warranty Breach–Seller
            Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/
            Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
        book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections Case
    Insurance Coverage *(not provisionally
        complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute
**Real Property**
    Eminent Domain/Inverse
        Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal
        drugs, check this item; otherwise,
        report as Commercial or Residential)*
**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
            Case Matter
        Writ–Other Limited Court Case Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor Commissioner
            Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
        *(arising from provisionally complex
        case type listed above)* (41)
**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of County)
        Confession of Judgment *(non-domestic
            relations)*
        Sister State Judgment
        Administrative Agency Award
            *(not unpaid taxes)*
        Petition/Certification of Entry of
            Judgment on Unpaid Taxes
        Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-
            harassment)*
        Mechanics Lien
        Other Commercial Complaint
            Case *(non-tort/non-complex)*
        Other Civil Complaint
            *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
    Partnership and Corporate
        Governance (21)
    Other Petition *(not specified above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late Claim
        Other Civil Petition

For your protection and privacy, please press the Clear

# EXHIBIT B

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF YOLO<br>1000 MAIN STREET<br>WOODLAND, CA. 95695<br>530-406-6704 | *For Court Use*<br><br>ELECTRONICALLY FILED<br>by Superior Court of CA,<br>County of Yolo,<br>on 10/20/2025 5:20 PM<br>By: C Palos, Deputy |
|---|---|
| DEZMYND LEWIS<br>      Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.<br>      Defendant | **Case:**   CV2025-3050 |

## NOTICE OF CASE MANAGEMENT CONFERENCE

NOTICE TO ALL APPEARING PARTIES AND THEIR ATTORNEYS:

Notice is hereby given that the above-entitled action has been set for a Case Management Conference on  02/23/2026  at  9:00AM  in Department  SEE BELOW .

The plaintiff shall serve the Notice of Case Management Conference on each defendant with the complaint.

You must file a Case Management Statement 15 days prior to the above date.

Date: 10/20/2025

SHAWN C. LANDRY, COURT EXECUTIVE OFFICER

/s/ C Palos

_____
C Palos      , Deputy Clerk

Civil departments are assigned based on the case number. If the case number ends in an even number, it will be assigned for all purposes to Judge McAdam in Dept. 14. If the case number ends with an odd number, it will be assigned for all purposes to Judge Fall in Dept. 11.

YOCV0142.

8/6/2020; Rev. 8/2022

# EXHIBIT C

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
10/22/2025
By: C Palos, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITED PARCEL SERVICE, INC., a corporate entity form unknown; and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DEZMYND LEWIS, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Yolo Superior Court- Civil Division<br>*(El nombre y dirección de la corte es):* 1000 Main Street<br>Woodland, CA 95695 | CASE NUMBER:<br>*(Número del Caso):* CV2025-3050 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jihad M. Smaili [262219]; SMAILI & ASSOCIATES, P.C 2114 N Broadway, Suite 200, Santa Ana, CA 92706; 714-547-4700

| DATE: 10/22/2025 | SHAWN C. LANDRY | Clerk, by | /s/ C Palos | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]
GC68150(T)(G)

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  UNITED PARCEL SERVICE, INC., a corporate entity form unknown

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
    ☒ other *(specify):* 415.95 (business organization, form unknown)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear

# EXHIBIT D

Jihad M. Smaili, Esq. [262219]
Stephen D. Counts, Esq. [231348]
**SMAILI & ASSOCIATES, PC**
2114 North Broadway, Suite 200
Santa Ana, California 92706
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com
stephen@smaililaw.com

Attorneys for Plaintiff
DEZMYND LEWIS

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 10/20/2025 5:20 PM
By: C Palos, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF YOLO

| | |
|---|---|
| DEZMYND LEWIS, an individual;<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: CV2025-3050<br>Assigned for all purposes to the<br><br>**COMPLAINT:**<br>1. Harassment in Violation of Gov. Code §12940 *et seq.*<br>2. Disability Discrimination in Violation of Gov. Code §12940 *et seq.*<br>3. Failure to Accommodate in Violation of Gov. Code § 12940(m)<br>4. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)<br>5. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)<br>6. Retaliation in Violation of Gov. Code §12940(h)<br>7. Wrongful Termination<br>8. Meal and Rest Break Violations of Labor Code § 226.7<br>9. Failure To Pay Overtime & Wages<br>10. Failure to Pay All Compensation at Termination; Waiting Time Penalties<br>11. Failure to Provide Employment Records in Violation of Cal. Labor Code §1198.5 *et seq.*<br>12. Violation of Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED JURISDICTION** |

1    Plaintiff Dezmynd Lewis (hereinafter "Plaintiff") alleges as follows:

2                                    **THE PARTIES**

3       1.      At all times mentioned herein, and at the time the causes of action arose,

4    Plaintiff was and is an individual.

5       2.      Plaintiff is informed and believes and thereon alleges that at all times

6    mentioned herein, Defendant United Parcel Service, Inc., (hereinafter "UPS"), is a

7    corporate entity, form unknown, regularly conducting business in the State of California,

8    and specifically, in the County of Yolo. Plaintiff is further informed and believes and

9    thereon alleges that UPS was transacting business in the County of Yolo, State of

10   California, at the time claims of Plaintiff arose. At all times relevant, UPS was an

11   employer within the meaning of *Government Code* §12926(d) and as such was barred

12   from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel,

13   scheduling, employment, promotion, advancement, retention, hiring, terminating and

14   other decisions relating to Plaintiff's employment on the basis of age, race, physical

15   disability or medical condition, participation in protected activity, and other immutable

16   characteristics.

17      3.      The true names and capacities, whether individual, corporate, associate, or

18   otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff,

19   who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to

20   amend this complaint to show their true names and capacities when ascertained. Plaintiff

21   is informed and believes and thereon alleges that each Defendant named herein as a DOE

22   was responsible in some manner for the occurrences and damages alleged herein.

23      4.      Each reference in this complaint to "Defendant" and/or "Defendants" refers

24   to UPS, and also refers to all Defendants sued under fictitious names, jointly and

25   severally.

26      5.      Plaintiff is informed and believes and thereon alleges that Defendants, and

27   each of them, are now and/or at all times mentioned in this Complaint were in some

28   manner legally responsible for the events, happenings and circumstances alleged in this

Smith & Associates, P.C.

Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint. Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint. Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint. Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.     Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

COMPLAINT

3

## VENUE AND JURISDICTION

9.    Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of West Sacramento, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Yolo, State of California.

## FACTUAL BACKGROUND

10.    On or about September 25, 2023, Defendant hired Plaintiff as a loader. His job duties included, but were not limited to, loading and unloading packages, sorting and scanning shipments, operating equipment, maintaining cleanliness, and adhering to safety protocols. At 22 years of age, Plaintiff worked hard and earned an hourly wage of $21.00.

11.    On or about November 9, 2023, Plaintiff was injured while following a manager's directive to step into a trailer, where he was struck by a 35-pound box labeled "heavy duty," striking his left shoulder, the left side of his neck, and his right foot. The injury was witnessed by managers Tee LNU (hereinafter "Tee") and Taleka LNU (hereinafter "Taleka").

12.    Despite the severity of the injury, no injury report was filed, and Defendant failed to provide immediate medical assistance. Plaintiff was not referred to a medical professional until November 14, 2023.

13.    On or about November 14, 2023, Plaintiff was sent to a company-affiliated physician and assigned light duty with work restrictions prohibiting him from pushing, pulling, or lifting objects exceeding five pounds and standing for more than two hours. Plaintiff's pain persisted, but he was forced to continue working in severe pain, though he needed further accommodation for his disability.

14.    Accordingly, Plaintiff was disabled within the meaning of Gov't Code §12926 because Plaintiff's injuries limited Plaintiff from performing major life activities, including, without limitation, working. Although Defendant knew or should have known about Plaintiff's disability, Defendant failed to engage in a good-faith interactive process and failed to provide a reasonable accommodation.

COMPLAINT

4

15.     While on light duty, Plaintiff's responsibilities were limited to taping boxes. When these tasks were unavailable, he was reassigned to perform office work. Defendant frequently sent Plaintiff home early, preventing him from completing his full 8-hour shift, reducing his hours and compensation.

16.     Plaintiff was subjected to harassment, retaliation, and discrimination by Defendant. Plaintiff was constantly harassed by Manager Jeff LNU (hereinafter "Jeff"), Supervisor Elgin LNU (hereinafter "Elgin"), and Manager Marena LNU (hereinafter "Marena"), through frequent yelling and demeaning behavior. Plaintiff reported these incidents to Supervisor Gerid LNU (hereinafter "Gerid"), but no remedial action was taken.

17.     On or about December 16, 2023, Plaintiff filed an anonymous report detailing the harassment he was enduring.

18.     On or about December 17, 2023, Plaintiff was aggressively confronted by Jeff for allegedly walking in an area Jeff deemed his own. Plaintiff requested that Jeff refrain from yelling and treating him disrespectfully. Plaintiff reported this confrontation to Gerid, who assured Plaintiff that an investigation would be conducted. Instead, Gerid summoned Plaintiff to the office and informed him of his termination.

19.     On or about December 17, 2023, Defendant terminated Plaintiff. Plaintiff suffered from harassment, discrimination, retaliation, and ultimately termination on the basis of his disability, reports of injury, requests for accommodation, and engagement in protected activity, including complaints of harassment and discrimination. Further, Defendant failed to engage in a good-faith interactive process and failed to offer any reasonable accommodation.

20.     Furthermore, Plaintiff has significant wage-and-hour claims. Due to the excessive workload assigned by Defendant, Plaintiff was not provided time to take breaks since the start of his employment and was constantly interrupted when he tried to take a lunch. Thus, Defendant failed to provide Plaintiff with 30-minute uninterrupted meal breaks for every five (5) hours he has worked and failed to provide 10-minute rest breaks

1  for every four (4) hours worked. Plaintiff is allowed all maximum waiting time penalties

2  for his missing wages and missed rest and meal breaks as afforded by California Law.

3       21.    Before filing this lawsuit, Plaintiff exhausted his administrative remedies

4  by timely filing a complaint with the California Civil Rights Department (CCRD) and

5  receiving a right-to-sue notice, dated April 7, 2025.

## FIRST CAUSE OF ACTION

## HARASSMENT IN VIOLATION OF

## CALIFORNIA GOVERNMENT CODE § 12940 et seq.

### (Against All Defendants)

10       22.    Plaintiff re-alleges and incorporates by reference all allegations contained

11  in the preceding paragraphs of this Complaint as though fully set forth herein.

12       23.    California law, and particularly the Fair Employment and Housing Act

13  ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits harassment of persons

14  with a physical condition or disability, which is broadly defined therein, and which

15  includes even the perception that a person has a medical or mental condition and/or

16  physical condition or disability. FEHA further prohibits discrimination based upon, *inter*

17  *alia*, age, race, gender, sexual orientation, national origin, pregnancy and other

18  immutable characteristics.

19       24.    Employers are strictly liable for harassment committed by their agents or

20  supervisors. *State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026,

21  1034.

22       25.    *Gov. Code*, § 12940(j)(1) states that employers may be liable for

23  harassment committed by employees who are not agents or supervisors, and even non-

24  employees depending on the degree of the employer's control of the non-employee, if the

25  employer or its agents or supervisors know or should have known about the conduct and

26  failed to take "immediate and appropriate corrective action."

27       26.    *Gov. Code*, § 12940(j)(1) further states that "an entity shall take all

28  reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall

1    not be necessary in order to establish harassment."

2      27.    *Gov. Code* § 12940(j)(3) further states that an employee "is personally

3 liable for any harassment prohibited by this section that is perpetrated by the employee,

4 regardless of whether the employer or covered entity knows or should have known of the

5 conduct and fails to take immediate and appropriate corrective action."

6      28.    Defendants were aware of Plaintiff's disability, as herein alleged, because

7 Plaintiff specifically reported the same directly to Defendant via Defendant's supervisors

8 and managing agents.

9      29.    Plaintiff is informed and believes and thereon alleges that as a direct and

10 proximate result of Plaintiff's disability, Defendant harassed Plaintiff, in violation of

11 FEHA, and particularly *Gov't Code* §12940(j).

12      45.    Plaintiff is informed and believes, and thereon alleges, that Defendant's

13 harassment was severe and pervasive.

14      46.    Plaintiff is informed and believes, and thereon alleges, that a reasonable

15 similarly aged person in Plaintiff's circumstances would have considered the work

16 environment to be hostile, intimidating, offensive, oppressive, or abusive.

17      47.    Plaintiff is informed and believes, and thereon alleges, that Defendant's

18 harassment was a substantial factor in causing Plaintiff harm.

19      30.    As a direct, foreseeable, and proximate result of the wrongful conduct of

20 Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

21 distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an

22 amount subject to proof at trial, but believed to be no less than three hundred thousand

23 dollars ($300,000) and no more than three million dollars ($3,000,000).

24      31.    Plaintiff is informed and believes and thereon alleges that the above-alleged

25 actions of Defendant were the result and consequence of Defendant's failure to supervise,

26 control, direct, manage, and counsel those agents throughout Plaintiff's employment and

27 that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

28 enabled agents to believe that their conduct was appropriate.

COMPLAINT

32.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

33.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of harassing against and retaliating against employees based on the protected characteristics shared with Plaintiff. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

34.    The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

35.    The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

36.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## SECOND CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940 et seq.

#### (Against All Defendants)

37.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

38.    California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and

which includes even the perception that a person has a medical or mental condition and/or physical condition or disability. FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

39.    Plaintiff has a disability as alleged above.

40.    Defendant was aware of Plaintiff's disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

41.    At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

42.    Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

43.    Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

44.    As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000).

45.    As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

46.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

47.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

48.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

49.     Plaintiff is informed and believes and thereon alleges that his disability was a motivating factor in the decision of Defendant to discriminate against him and terminate him.

50.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

51.     The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

52.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## THIRD CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940(m)

#### (Against All Defendants)

53.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

54.    Plaintiff has a disability as alleged above.

55.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

56.    Defendant failed and refused to accommodate Plaintiff's needs, and, failed and refused to engage in an interactive process with Plaintiff, and, failed to address Plaintiff's needs in light of his disabilities.

57.    At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

58.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

59.    As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, in an amount of no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000), all subject to proof at the time of trial.

60.    As a direct, foreseeable, and proximate result of the wrongful conduct of

Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

61.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

62.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

63.    Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

64.    Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against him and ultimately terminate him.

65.    The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

66.    The conduct of Defendant as alleged hereinabove was done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

67.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable

1 pursuant to *Gov't Code* §12900 *et seq.*

## FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN
### VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)
### (Against All Defendants)

68.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

69.    Plaintiff has a disability as alleged above.

70.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

71.    Defendant failed and refused to engage Plaintiff in an interactive process designed to unite Plaintiff with his job.

72.    At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

73.    Defendant's failure to engage with Plaintiff in an interactive process, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

74.    As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, all in an amount no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000), subject to proof at the time of trial.

75.    As a direct, foreseeable, and proximate result of the wrongful conduct of

Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

76.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

77.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

78.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

79.     Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against him and ultimately terminate him.

80.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

81.     The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

82.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable

1  pursuant to *Gov't Code* §12900 *et seq.*

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION
### OF CALIFORNIA GOVERNMENT CODE § 12940(k)

**(Against All Defendants)**

83.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

84.     During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis of his disability, in addition to engagement in protected activity in violation of *Government Code* §12940(k).

85.     As a direct result of the wrongful conduct of Defendant, Plaintiff suffered, and continues to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time trial, including special and general damages.

86.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received all to his damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

87.     Plaintiff is informed and believes and thereon alleges that the outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

88.     As a proximate result of the wrongful conduct of Defendant, and each of them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

89.     These unlawful acts were further encouraged by Defendant and done with a

1  conscious disregard for Plaintiff's rights and with the intent, design, and purpose of
2  injuring Plaintiff. The conduct of Defendant alleged hereinabove was done with malice,
3  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.
4  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

5    90.    Plaintiff has also incurred and continues to incur attorneys' fees and legal
6  expenses in an amount according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF

## CALIFORNIA GOVERNMENT CODE §12940(h)

### (Against All Defendants)

11   91.    Plaintiff re-alleges and incorporates by reference all of the allegations
12 contained in the preceding paragraphs of this Complaint as though fully set forth herein.

13   92.    At all times herein mentioned, FEHA, *Government Code* §12940(h), was in
14 full force and effect and was binding on Defendant. This statute requires Defendant to
15 refrain from retaliating against Plaintiff.

16   93.    Plaintiff is informed and believes and thereon alleges that as a consequence
17 of requesting disability accommodations and medical treatment, lodging complaints
18 about harassing and discriminatory acts being committed against Plaintiff, coupled with
19 Plaintiff's disability, Defendant took retaliatory action against Plaintiff by failing to
20 determine the essential functions of Plaintiff's job, mistreating Plaintiff, denying Plaintiff
21 advancement and promotion, and ultimately terminating Plaintiff.

22   94.    Defendant unlawfully retaliated against Plaintiff after he engaged in
23 protected activity including requesting disability accommodations, medical treatment,
24 and lodging workplace complaints related to harassment and discrimination that he was
25 facing, and other complaints of a hostile and unsafe working environment.

26   95.    As a proximate result of Defendant's willful, knowing, and intentional
27 conduct against Plaintiff, he has sustained and continues to sustain substantial losses in
28 Plaintiff's earnings and other employment benefits and continues to suffer humiliation,

1    emotional distress, and mental and physical pain and anguish, and sleep dysfunction, all
2    to Plaintiff damage in a sum according to proof.

3        96.    These unlawful acts were further encouraged by Defendant and done with a
4    conscious disregard for Plaintiff's rights and with the intent, design, and purpose of
5    injuring Plaintiff. In light of Defendant's willful, knowing, and intentional discrimination
6    against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of
7    punitive and exemplary damages in an amount according to proof.

8        97.    Plaintiff has incurred and continues to incur legal expenses and attorney
9    fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and
10    prays leave of court to amend this Complaint when said amounts are more fully known.

### SEVENTH CAUSE OF ACTION
### WRONGFUL TERMINATION
### (Against All Defendants)

14        98.    Plaintiff re-alleges and incorporates by reference all of the allegations
15    contained in the preceding paragraphs of this Complaint as though fully set forth herein.

16        98.    Defendant was aware of Plaintiff's disability. Further, Defendant was aware
17    of Plaintiff's complaints about his workplace environment.

18        99.    *Labor Code* §232.5 makes it illegal for an employer to prohibit an
19    employee from discussing their working conditions.

20        100.    *Labor Code* §6310 protects an employee's right to complain of unsafe
21    working conditions.

22        101.    *Labor Code* §6400 requires employers to provide a work environment that
23    is safe for its employees.

24        102.    *Gov't Code* §12940 *et seq.*, prohibits forms of discrimination against
25    protected classes of employees.

26        103.    Defendant wrongfully terminated Plaintiff in violation of a substantial and
27    fundamental public policy in that a determining and motivating factor in Defendants'
28    decision to terminate Plaintiff was the desire to discriminate against him because: (i) he

COMPLAINT

*Small & Associates, P.C.*

1    suffered from a disability, and (ii) he lodged complaints about his working environment.

2        104.    Plaintiff is informed and believes and thereon alleges that these factors

3    made up Defendant's decision to terminate Plaintiff and/or played an important and

4    integral role in said decision. Such discrimination was in violation of the public policy of

5    the State of California and resulted in damage and injury to Plaintiff as alleged herein.

6        105.    As a proximate result of Defendants' willful, knowing, and intentional

7    discrimination and retaliation against Plaintiff, he has sustained and continues to sustain

8    substantial losses in Plaintiff earnings and other employment benefits and continues to

9    suffer humiliation, emotional distress, and mental and physical pain and anguish, and loss

10   of sleep/sleep dysfunction, all to his damage in a sum according to proof.

11       106.    In light of Defendants' willful, knowing, and intentional discrimination

12   against Plaintiff which resulted in his wrongful termination, Plaintiff seeks an award of

13   punitive and exemplary damages in an amount according to proof.

## EIGHTH CAUSE OF ACTION

### MEAL AND REST BREAK VIOLATIONS OF LABOR CODE §226.7

### (Against All Defendants)

17       107.    Plaintiff re-alleges and incorporates by reference all of the allegations

18   contained in the preceding paragraphs of this Complaint as though fully set forth herein.

19       108.    *Labor Code* §226.7(a) provides in pertinent part that, "No Employer shall

20   require any employee to work during any meal or rest period mandated by an applicable

21   order of the Industrial Welfare Commission."

22       109.    *Labor Code* §512 provides in pertinent part that, "An employer may not

23   employ an employee for a work period of more than five hours per work day without

24   providing the employee with a meal period of not less than 30 minutes, except that if the

25   total work period per day of the employee is no more than six hours, the meal period may

26   be waived by mutual consent of both the employer and employee."

27       110.    *Labor Code* §512 further provides in pertinent part that, "An employer may

28   not employ an employee for a work period of more than 10 hours per day without

1  providing the employee with a second meal period of not less than 30 minutes, except

2  that if the total hours worked is no more than 12 hours, the second meal period may be

3  waived by mutual consent of the employer and the employee only if the first meal period

4  was not waived."

5      111.  *Labor Code* §516 provides that the industrial Welfare Commission may

6  adopt or amend working condition orders with respect to meal periods for any workers in

7  California consistent with the health and welfare of those workers.

8      112.  Section 11(A) of the IWC Wage Order(s) provides that "Unless the

9  employee is relieved of all duty during a 30-minute meal period, the meal period shall be

10 considered an "on duty" meal period and counted as time worked. An "on duty" meal

11 period shall be permitted only when the nature of the work prevents an employee from

12 being relieved of all duty and when by written agreement between the parties an on-the-

13 job paid meal period is agreed to. The written agreement shall state that the employee

14 may, in writing, revoke the agreement at any time."

15     113.  Section 11(B) of the IWC Wage Order(s) provides that "If an employer

16 fails to provide an employee a meal period in accordance with the applicable provisions

17 of this order, the employer shall pay the employee one (1) hour of pay at the employee's

18 regular rate of compensation for each workday that the meal period is not provided."

19     114.  Likewise, the IWC Wage Order(s) and provisions of the Labor Code

20 require that an employer relieve an employee of duty for a 10-minute break for every four

21 hours worked.

22     115.  While employed by Defendants, and at all times relevant herein, Plaintiff

23 consistently worked over five (5) hours per shift and therefore was entitled to an

24 uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5)

25 hours of employment, and, at least one rest break for every four hours worked.

26     116.  At all times relevant herein, Plaintiff did not waive his meal periods and/or

27 rest breaks, by mutual consent with Defendants or otherwise.

28     117.  At all times relevant herein, Plaintiff did not enter into any written

agreement with Defendants agreeing to an on-the-job paid meal period and/or rest break.

118.    Defendants failed to comply with the rest and meal period requirements established by *Labor Code* §226.7, *Labor Code* §512, *Labor Code* §516 and Section 11 of the IWC Wage Order(s).

119.    Pursuant to Section 11(B) of the IWC Wage Order(s) and *Labor Code* §226.7(b), which states in pertinent part that "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," Plaintiff is entitled to damages in an amount equal to one (1) additional hour of pay at Plaintiff's regular rate of compensation for each work day that the meal period was not provided.

120.    Pursuant to *Civil Code* §3287, Plaintiff seeks recovery of pre-judgment interest on all amounts recovered herein.

## NINTH CAUSE OF ACTION
### FAILURE TO PAY OVERTIME AND WAGES
#### (Against All Defendants)

121.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

122.    Defendants failed to pay Plaintiff wages for all hours worked, including, without limitation, overtime wages.

123.    From at least four (4) years prior to the filing of this action and continuing to the present, Defendants failed to pay Plaintiff wages for all hours worked, at least in part because Defendants misclassified Plaintiff and required Plaintiff to work overtime but did not compensate his for this time.

124.    Defendants' failure to pay wages and overtime in a timely fashion also constituted a violation of California Labor Code §204, which requires that all wages be paid in semimonthly payments. Each failure to make a timely payment of compensation

1 | to Plaintiff constitutes a separate violation of California Labor Code §204.

2 | 125.   Plaintiff has been damaged by these violations of California Labor Code §§
3 | 204 and 510 and 1194 (and the relevant orders of the Industrial Welfare Commission).

4 | 126.   Consequently, pursuant to California Labor Code §§204, 510, and 1194
5 | (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to
6 | Plaintiff for the full amount of all his unpaid wages and overtime compensation, with
7 | interest, plus his reasonable attorneys' fees and costs.

## TENTH CAUSE OF ACTION

### FAILURE TO PAY ALL COMPENSATION AT TERMINATION;
### WAITING TIME PENALTIES

#### (Against all Defendants)

127.   Plaintiff re-alleges and incorporates by reference all of the allegations
contained in the preceding paragraphs of this Complaint as though fully set forth herein.

128.   Defendants failed to pay Plaintiff all wages for all hours worked at the time
of Plaintiff's termination.

129.   Defendant's failure to pay wages in a timely fashion at the time of
termination constitutes a violation of California *Labor Code* §202 and §204, which
require that all wages be paid in timely fashion. Each failure to make a timely payment of
compensation to Plaintiff constitutes a separate violation of California *Labor Code* §204.

130.   Plaintiff has been damaged by these violations of California *Labor Code* §§
202 and 204 (and the relevant orders of the Industrial Welfare Commission).

131.   Consequently, pursuant to California Labor Code §§202, 204, and 1194
(and the relevant orders of the Industrial Welfare Commission), Defendants are liable to
Plaintiff for the full amount of all unpaid wages, sick pay and vacation pay, with interest,
plus reasonable attorneys' fees and costs.

132.   Further, Defendants failed to pay Plaintiff sums certain at the time of
Plaintiff termination or within seventy-two (72) hours of resignation.

133.   Defendants' failure to pay all compensation at the time of termination, as

alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles Plaintiff to penalties under *Labor Code* §203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due. Plaintiff may also recover reasonable attorneys' fees.

## ELEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE EMPLOYMENT RECORDS
### IN VIOLATION OF CAL. LABOR CODE §1198.5 et seq.
#### (Against All Defendants)

134.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

135.    California Labor Code §1174, subdivision (c), requires employers doing business in the State of California to maintain payroll records and to keep these records in a central location in the State of California.

136.    California Labor Code §226, subdivisions (b) and (c), require employers doing business in the State of California to provide current and former employees access to their payroll records.

137.    California Labor Code §432, subdivision (b), requires employers doing business in the State of California to provide current and former employees copies of all written instruments they sign upon request.

138.    California Labor Code §1198.5 *et seq.*, provides current and former employees the right to inspect their employee personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

139.    Plaintiff, via counsel, requested Defendants to provide Plaintiff with his employee personnel file and payroll records, and Defendants did not provide Plaintiff with inspection rights or complete copies of such records, in violation of the above-described statutes.

140.    As a result of Defendants' statutory violations alleged in this Complaint,

1   Plaintiff suffered damages, in an amount to be determined according to proof at trial,
2   costs, and attorney's fees.

3      141.    By reason of the foregoing, Plaintiff has been left without an adequate
4   remedy at law and should be entitled to appropriate injunctive relief from this Court,
5   including, but not limited to, an order by the Court requiring Defendants to turn over
6   copies of Plaintiff's employee personnel file and payroll records to Plaintiff or to provide
7   Plaintiff access to these records as required by law.

8      142.    Plaintiff is entitled to costs and attorney's fees as provided by applicable
9   law, including, but not limited to, California Labor Code §226 subdivisions (e), (f), and
10  (h), and § 1198.5 subdivision (l).

11     143.    Plaintiff is entitled to penalties as provided by applicable law, including,
12  but not limited to, California Labor Code §§ 226 subdivisions (e) and (f), and §1198.5
13  subdivision (k).

14                          **TWELFTH CAUSE OF ACTION**
15          **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.***
16                              **(Against All Defendants)**

17     144.    Plaintiff re-alleges and incorporates by reference all of the allegations
18  contained in the preceding paragraphs of this Complaint as though fully set forth herein.

19     145.    Defendant, and each of them, have engaged in unfair and unlawful
20  business practices as set forth above.

21     146.    Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair
22  business practices.

23     147.    By engaging in the above-described acts and practices, Defendant, and each
24  of them, have committed one or more acts of unfair, unlawful or fraudulent competition
25  within the meaning of Business & Professions Code §17200 *et seq.*

26     148.    Defendant, and each of them, have violated statutes and public policies.
27  Through the conduct alleged in this Complaint, Defendant, and each of them, have acted
28  contrary to public policies and have engaged in other unlawful and unfair business

1   practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff
2   and all interested persons of rights, benefits, and privileges guaranteed to all employees
3   under law.

4       149.   As a direct and proximate result of the aforementioned acts and practices,
5   Plaintiff has suffered a loss of money and property in the form of wages and benefits that
6   he would have received as an employee of Defendant, and each of them.

7       150.   Plaintiff seeks an order of this Court awarding restitution, injunctive relief
8   and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus
9   interest and costs.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Smith & Associates, P.C.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000);

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For pre-judgment and post-judgment interest, according to proof;

4. For punitive and exemplary damages, according to proof;

5. For attorneys' fees, according to proof and statute;

6. For costs of suit incurred herein;

7. For such other relief that the Court may deem just and proper.

Dated: September 17, 2025                **SMAILI & ASSOCIATES, P.C.**


By: */s/ Jihad M. Smaili*
        Jihad M. Smaili, Esq.
        Stephen D. Counts, Esq.
        Attorneys for Plaintiff
        DEZMYND LEWIS

COMPLAINT

25

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: September 17, 2025                    **SMAILI & ASSOCIATES, P.C.**


By:  */s/ Jihad M. Smaili*
       Jihad M. Smaili, Esq.
       Stephen D. Counts, Esq.
       Attorneys for Plaintiff
       DEZMYND LEWIS

COMPLAINT

# EXHIBIT E

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
2114 N Broadway, Suite 200
Santa Ana, CA 92706
Telephone: 714-547-4700
Facsimile: 714-547-4710
jihad@smaililaw.com

Attorney for Plaintiff
DEZMYND LEWIS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF YOLO

| | |
|---|---|
| DEZMYND LEWIS, an individual; | ) CASE NO.: **CV2025-3050** |
| Plaintiff, | ) |
| v. | ) |
| UNITED PARCEL SERVICE, INC, a corporate entity form unknown, and DOES 1-50, inclusive, | ) **PLAINTIFF'S STATEMENT OF PUNITIVE** ) **DAMAGES [CCP§425.115]** |
| Defendants. | ) |

**NOTICE TO:UNITED PARCEL SERVICE, INC, a corporate entity form unknown; and DOES 1-50, inclusive**

Plaintiff DEZMYND LEWIS reserves the right to seek $436,800.00 in Punitive Damages against each of you when she seeks a judgment in the above captioned lawsuit filed against you.

Dated:   December 16, 2025

                           **SMAILI & ASSOCIATES, P.C.**

                           By: *Jihad M. Smaili*
                           Jihad M. Smaili, Esq.
                           Attorneys for Plaintiff

# EXHIBIT F

Annie M. Turner (315861)
annie.turner@dinsmore.com
DINSMORE & SHOHL LLP
550 S. Hope Street, Suite 2800
Los Angeles, CA 90071-2681
Tele:    213-335-7737
Fax:     213-335-7740

Cindy Speegle (285987)
cindy.speegle@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Tele: 619-400-0500
Fax:  619-400-0501

Attorneys for Defendant UNITED PARCEL SERVICE, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF YOLO

| | |
|---|---|
| DEZMYND LEWIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., a corporate entity form unknown; and DOES 1-50 inclusive,<br><br>Defendants. | Case No. CV2025-3050<br><br>Complaint Filed:          October 20, 2025<br>Trial Date:                   None Yet Set<br><br>**DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge:        Hon. Samuel T. McAdam<br>Dept:          14 |

Defendant UNITED PARCEL SERVICE, INC. ("Defendant") hereby submits its Answer to Plaintiff DEZMYND LEWIS's ("Plaintiff") Complaint ("Complaint") as follows:

## **GENERAL DENIAL**

Under the provisions of Section 431.30 of the California *Code of Civil Procedure*, Defendant denies each, every, and all of the allegations of the Complaint and the whole thereof, and denies that

1    Plaintiff has sustained damages in the sums alleged, or in any other sum, or at all.

2        Further answering the Complaint, and the whole thereof, Defendant denies that Plaintiff has

3    sustained any injury, damage or loss, if any, by reason of any act or omission or negligence on the

4    part of Defendant.

5                                    **AFFIRMATIVE DEFENSES**

6        Without admitting any of the conduct alleged by Plaintiff, Defendant asserts the following

7    affirmative defenses to the Complaint and all causes of action contained therein.

8                                **FIRST AFFIRMATIVE DEFENSE**

9                              **(Failure to State a Cause of Action)**

10       1.    The Complaint and each cause of action therein fails to state facts sufficient to

11    constitute a cause of action against Defendant.

12                              **SECOND AFFIRMATIVE DEFENSE**

13                                  **(Failure to Mitigate)**

14       2.    Plaintiff has failed to mitigate his damages, if any.

15                                **THIRD AFFIRMATIVE DEFENSE**

16                              **(Avoidable Consequences)**

17       3.    Plaintiff's Complaint is barred in whole or in part by the doctrine of avoidable

18    consequences.

19                               **FOURTH AFFIRMATIVE DEFENSE**

20                              **(Procedural Due Process)**

21       4.    Plaintiff's claim for punitive damages is unconstitutional pursuant to the due process

22    clauses of the United States and California Constitutions.

23                                **FIFTH AFFIRMATIVE DEFENSE**

24                              **(Barred By Statute of Limitation)**

25       5.    Plaintiff's claims are barred in whole or in part to the extent the events complained of

26    took place outside the applicable statute of limitations.

27    ///

28    ///

1

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

2

**(Reasonableness and Good Faith)**

3      6.      Plaintiff's claims are barred in whole or in part, because the alleged conduct of which

4  Plaintiff complains, if committed, was made in good faith, honestly, without malice, in the exercise

5  of business judgment for legitimate, non-discriminatory and non-retaliatory reasons.

6

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

7

**(After-Acquired Evidence)**

8      7.      Plaintiff's Complaint is barred by the doctrine of after-acquired evidence.

9

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

10

**(Failure to Exhaust Administrative Remedies)**

11      8.      Plaintiff has failed to exhaust administrative remedies, including those required by

12  state statute, and/or internal grievance processes, and is therefore barred from maintaining any or all

13  causes of action.

14

<u>**NINTH AFFIRMATIVE DEFENSE**</u>

15

**(Unclean Hands)**

16      9.      Plaintiff's Complaint is barred, in its entirety, by the doctrine of unclean hands.

17

<u>**TENTH AFFIRMATIVE DEFENSE**</u>

18

**(Waiver)**

19      10.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

20

<u>**ELEVENTH AFFIRMATIVE DEFENSE**</u>

21

**(Estoppel)**

22      11.      Plaintiff is estopped by his own conduct from asserting any and all claims he may have

23  had against Defendant arising from the transactions and occurrences set forth in Plaintiff's Complaint.

24

<u>**TWELFTH AFFIRMATIVE DEFENSE**</u>

25

**(Laches)**

26      12.      Plaintiff's Complaint is barred by the equitable doctrine of laches.

27  ///

28  ///

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent)

13.     Defendant alleges that Plaintiff, at all relevant times, gave his consent, express or implied, to the alleged acts, omissions, and conduct of Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Business Justification)

14.     Defendant alleges its activities undertaken with respect to Plaintiff were justified as such activities were proper, fair, and legitimate business activities and/or due to legitimate business-related reasons which were neither arbitrary, capricious, nor unlawful.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Reasonable Care)

15.     Plaintiff is precluded from asserting his Complaint and the causes of action therein because he failed to exercise reasonable care to avoid the injuries he purportedly suffered in that, among other things, Plaintiff unreasonably failed to follow Defendant's grievance procedures.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

16.     Plaintiff was, at all times, an at-will employee.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset)

17.     Defendant is entitled to setoff and/or offset for any money Plaintiff recovers by way of any workers' compensation action against Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Harassing, Non-Discrimination and Non-Retaliatory Actions)

18.     Plaintiff is barred from any recovery in this action because all of Defendant's actions toward Plaintiff were taken for legitimate, non-harassing, non-discriminatory, non-retaliatory reasons.

///

///

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

19.    Any act or omission to act by Defendant was not the proximate cause of any injury or damages suffered by Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Third Party Liability)

20.    Should it be found that Defendant is liable in any matter for any damages stated by Plaintiff, which Defendant denies, Defendant alleges that such damages were proximately caused and/or contributed to by parties other than Defendant, whether served or not served in this case, and/or by other persons or entities not presently parties to this action. It is necessary that the proportionate degree of negligence, fault, and/or legal responsibility of each and every person or entity be determined and prorated and that any judgment that may be rendered against Defendant be reduced not only by the degree of negligence, fault or other legal responsibility attributable to Plaintiff, but by the total of that degree of negligence, fault and/or other legal responsibility found to exist as to other person(s) and/or entities as well.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Malice, Fraud, or Oppression)

21.    Defendant is informed and believes and thereon alleges that its actions were not willful, malicious, fraudulent, oppression, intentional, or tortious, and Plaintiff's claims are not authorized pursuant to *Civil Code* section 3294.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Frivolous Claims)

22.    Plaintiff's Complaint against Defendant lacks foundation and is unreasonable; thus Defendant is entitled to recover attorneys' fees and costs expended in defending this action pursuant to the applicable law including *Government Code* section 12965(b) and *Code of Civil Procedure* section 128.7.

///

///

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Mixed-Motive)

23.    Plaintiff is precluded from recovery of reinstatement, back pay, or damages because of the mixed motive doctrine. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 232.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Managerial Immunity)

24.    Any and all conduct of which Plaintiff complains and which is attributed to Defendant or its agents or employees was a just and proper exercise of management's discretion on the part of Defendant, its agents, or employees, and was undertaken for a fair and honest reason and regulated by good faith and probable cause under the circumstances existing at all times mentioned in the Complaint and Defendant is, therefore, immune from any liability.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Plaintiff Did Not Sustain Any Damages)

25.    Plaintiff's claims for pre-judgment and post-judgment interest are barred because Plaintiff sustained no damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

27.    Plaintiff's Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Freedom of Speech)

28.    To the extent that any of Plaintiff's claims are based on alleged verbal harassment, discrimination, and retaliatory statements or communications, such claims are barred because the conduct alleged is protected by the free speech provisions of the United States and California Constitutions.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Compliance with the Law)

29.    Defendant complied with all obligations under the law with respect to prevention of

harassment, discrimination, and retaliation, and the handling of complaints of harassment, discrimination, and retaliation.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Harassment)

30. Defendant is informed and believes and thereon alleges that it did not engage in any actions against Plaintiff that constitute harassment based on any unlawful grounds.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Maintenance of Anti-Harassment, Anti-Discrimination, and Anti-Retaliation Policies)

31. Defendant alleges it maintained and enforced strict anti-harassment, anti-discrimination, and anti-retaliation policies during the time in which Plaintiff alleges harassment, discrimination, retaliation and wrongful discharge in violation of public policy.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Reasonable Preventative Care and Corrective Action)

32. Defendant is informed and believes and thereon alleges that Defendant has, at all times, taken reasonable care to prevent and promptly correct and workplace harassment, discrimination and retaliation from occurring, which Plaintiff unreasonably failed to utilize.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Good Faith Investigation)

33. Defendant is informed and believes and thereon alleges that, in regards to the allegations of harassment, discrimination, and retaliation, a full, complete, and good faith investigation was conducted into any alleged misconduct after it was brought to Defendant's attention. The investigation was thwarted only by Plaintiff's lack of cooperation or concealment of facts.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Same Decision)

34. Defendant alleges that even if Plaintiff can establish that his protected activity was a contributing factor to any adverse employment action, Defendant is not liable because it would have taken the same action against Plaintiff for legitimate reasons independent of any protected activity.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Scope of the Charge)

35.    Plaintiff's claims are barred to the extent they vary from the allegations of the administrative charge filed with the appropriate agency.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Act)

36.    Defendant did not intentionally or recklessly inflict emotional distress on Plaintiff or intentionally commit any other tort.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Pre-Existing Physical or Mental Condition)

37.    Plaintiff is not entitled to recover damages to the extent that any purposed physical or emotional distress damages allegedly suffered by Plaintiff was caused by any pre-existing physical or mental condition(s).

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Knowledge of Protected Activity)

38.    Plaintiff's claims are barred, in whole or in part, because Defendant had no knowledge that Plaintiff engaged in any protected activity.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Pattern or Practice)

39.    Plaintiff is precluded from recovery because Defendant did not engage in a pattern and/or practice of unlawful discrimination on the basis of Plaintiff's alleged protected status.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Causal Connection)

40.    On the basis of present information and belief, Defendant alleges that Plaintiff's Complaint and each purported cause of action therein, lack merit because any employment action allegedly taken by Defendant with respect to Plaintiff was based upon legitimate, non-discriminatory reasons completely unrelated to Plaintiff's alleged complaints regarding alleged unlawful activities by Defendant. Further, Plaintiff fails to allege any facts demonstrating any causal connection between

1  his alleged termination and any alleged conduct pertaining to his claimed complaint to Defendant

2  regarding alleged unlawful activity, or alleged comments made regarding his race.

3  ## THIRTY-NINTH AFFIRMATIVE DEFENSE

4  ### (Penalties)

5  41.    The Complaint fails to allege facts sufficient to establish a claim for penalties under

6  the Labor Code.

7  ## FORTIETH AFFIRMATIVE DEFENSE

8  ### (Health or Safety Risk)

9  42.    Defendant is informed and believes and thereon asserts that its conduct was not

10  discriminatory because, even with reasonable accommodations, Plaintiff was unable to perform at

11  least one essential job duty without endangering his health or safety or the health or safety of others.

12  ## FORTY-FIRST AFFIRMATIVE DEFENSE

13  ### (Claims are Preempted)

14  43.    Defendant alleges that Plaintiff's claims are preempted by Federal law, including

15  Section 301 of the Labor Management Relations Act, 29 U.S.C. section 185 or the National Labor

16  Relations Act ("NLRA").

17  ## FORTY-SECOND AFFIRMATIVE DEFENSE

18  ### (Claims are Premature)

19  44.    Plaintiff failed to allow Defendant the full statutory period under Labor Code 1198.5

20  to respond to the request prior to initiating litigation. As such, the claim is premature and not ripe for

21  adjudication.

22

23  ## FORTY-FIFTH AFFIRMATIVE DEFENSE

24  ### (Outside Scope of Authority)

25  45.    Defendant alleges that any unlawful or other wrongful acts attributed to any person(s)

26  employed by Defendant was outside the scope of their authority and such acts, if any, were not

27  authorized, ratified, or condoned by Defendant nor did Defendant know or have reason to be aware

28  of such alleged conduct.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Reasonable Accommodations and Modifications Provided)

46.    Defendant alleges that it provided reasonable accommodations and/or modifications for Plaintiff necessary to afford his full and equal access to and full enjoyment of the subject premises.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Reasonable Accommodation)

47.    Defendant alleges that the relief prayed for in the Complaint is barred because Plaintiff never requested a "reasonable accommodation" as defined under the FEHA, Government Code section 12926(n).

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

48.    Defendant alleges that the relief prayed for in the Complaint against Defendant is barred because any "reasonable accommodation" as defined under the FEHA, Government Code section 12926(n) would have resulted in an "undue hardship" as defined under the FEHA, Government Code section 12926(s) to Defendant.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Reasonable Accommodation not Practicable)

49.    Defendant alleges that the relief prayed for in the Complaint against Defendant is barred because no "reasonable accommodation" as defined under the FEHA, Government Code section 12926(n) was practicable or available to Plaintiff.

## FIFTIETH AFFIRMATIVE DEFENSE

### (No Medical Condition or Disability)

50.    Defendant alleges that the relief prayed for Plaintiff's Complaint is barred because Plaintiff did not have a qualified "medical condition" or disability as defined under FEHA during his employment and/or at his termination.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Engage in Interactive Process/Request Accommodation)

51.    Defendant alleges that Plaintiff failed to engage in the interactive process to ascertain

1  if there was a reasonable accommodation under FEHA, Government Code section 12926(n) that

2  would allow him to perform the essential functions of his job.

3  ### FIFTY-SECOND AFFIRMATIVE DEFENSE

4  ### (Claimant Paid Overtime)

5  52.    Claimant was compensated for all overtime hours she reported and/or worked.

6  ### FIFTY-THIRD AFFIRMATIVE DEFENSE

7  ### (All Wages Paid)

8  53.    Respondent paid Claimant all wages owed to her upon the conclusion of her

9  employment.

10  ### FORTY-THIRD AFFIRMATIVE DEFENSE

11  ### (Meal Period Law)

12  54.    Defendant alleges that pursuant to the applicable Wage Order, Defendant "authorized

13  and permitted" Plaintiff to take meal periods. This defense is alleged in the alternative and should not

14  be construed as an admission.

15  ### FORTY-FOURTH AFFIRMATIVE DEFENSE

16  ### (Rest Period Law)

17  55.    Defendant alleges that pursuant to the applicable Wage Order, Defendant "authorized

18  and permitted" Plaintiff to take rest periods. This defense is alleged in the alternative and should not

19  be construed as an admission.

20

21  ### FIFTY-SIXTH AFFIRMATIVE DEFENSE

22  ### (No Double Recovery)

23  56.    Plaintiff's recovery of civil and statutory penalties constitute an impermissible double

24  recovery. *Marshall v. Brown* (1983) 141 Cal.App.3d 408, 419.

25  ### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

26  ### (No Premiums Owed)

27  57.    Plaintiff is barred from collecting meal period and rest period premiums to the extent

28  that Respondents provided her with complaint meal and rest periods as required by Section 11 of the

1  applicable Industrial Welfare Commission Wage Order, and/or Respondents did not deny or prevent

2  her the opportunity to take meal and rest periods, to the extent Claimant seeks to represent she was

3  ever entitled to them.

4  ### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

5  **(No Knowledge Of Overtime Or Off-The-Clock Work)**

6  58.    These claims are barred to the extent that Defendants did not have actual or

7  constructive knowledge about any purported overtime or off-the-clock work allegedly performed

8  Plaintiff. e.g., *Jong v. Kaiser Found. Health Plan, Inc*. (2014) 226 Cal. App. 4th 391, 395.

9  ### FIFTY-NINTH AFFIRMATIVE DEFENSE

10  **(Unknown Defenses)**

11  59.    Defendant hereby gives notice that it intends to rely upon such other and further

12  affirmative defenses as may become available during discovery in this action and reserves the right

13  to amend its Answer to assert any such defenses as discovery continues.

14  **WHEREFORE**, Defendant prays for judgment as follows:

15  1.    That Plaintiff takes nothing by way of this action;

16  2.    For Defendant's cost of suit;

17  3.    For Defendant's attorneys' fees pursuant to statute; and

18  4.    For such other and further relief as the Court may deem proper.

19

20  Dated: January 15, 2026                          Respectfully submitted,

21                                                    DINSMORE & SHOHL LLP

22

23                                                    By: _____

24                                                    Annie M. Turner
                                                       Cindy Speegle

25                                                    Counsel for Defendant UNITED
                                                       PARCEL SERVICE, INC.

26

27

28

1  Annie M. Turner (315861)
   annie.turner@dinsmore.com
2  DINSMORE & SHOHL LLP
   550 S. Hope Street, Suite 2800
3  Los Angeles, CA 90071-2681
   Tele:   213-335-7737
4  Fax:    213-335-7740
5
   Cindy Speegle (285987)
6  cindy.speegle@dinsmore.com
   DINSMORE & SHOHL LLP
7  655 West Broadway, Suite 800
   San Diego, CA 92101
8  Tele: 619-400-0500
   Fax:  619-400-0501
9
10  Attorneys for Defendant UNITED PARTCEL SERVICE, INC.
11
12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
13                       **COUNTY OF YOLO**

| | |
|---|---|
| 14  DEZMYND LEWIS, an individual, | Case No. CV2025-3050 |
| 15                   Plaintiff, | Complaint Filed:      October 20, 2025 |
| 16  v. | Trial Date:          None Yet Set |
| 17 | **PROOF OF SERVICE** |
| 18  UNITED PARCEL SERVICE, INC., a | Judge:     Hon. Samuel T. McAdam |
| 19  corporate entity form unknown; and DOES 1-50 inclusive, | Dept:      14 |
| 20                   Defendants. | |
| 21 | |
| 22 | |

23
24      I am resident of the State of California. I am employed in San Diego County, State of

25  California. I am over the age of 18 years, and not a party to the within action. My business address is

26  Dinsmore & Shohl LLP, 655 West Broadway, Suite 800, San Diego, California 92101.

27      On January 15, 2026, I served the following documents:

28  **DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the parties listed below in the manner(s) indicated:

| | |
|---|---|
| Jihad M. Smaili, Esq.<br>Stephen D. Counts, Esq.<br>SMAILI & ASSOCIATES, PC<br>2114 North Broadway, Suite 200<br>Santa Ana, CA 92706<br>(714) 547-4700<br>jihad@smaililaw.com<br>stephen@smaililaw.com | *Attorney for Plaintiff, DEZMYND LEWIS* |

☒ (BY U.S. MAIL — CCP § 1013a(1)) I am personally and readily familiar with the business practice of Dinsmore & Shohl LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California.

☒ (BY ELECTRONIC MAIL — CCP § 1010.6(a)(6)) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents described herein to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 15, 2026, at San Diego, California.

_____
LIZBETH ALONSO

PROOF OF SERVICE

CV2025-3050

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I, the undersigned, do hereby certify that on January 15, 2026, a true copy of this document

3

was served by first class mail, postage prepaid, through the United State Postal Service and

4

separately by electronic mail to the following:

5

6

| | |
|---|---|
| Jihad M. Smaili, Esq. | *Attorney for Plaintiff, DEZMYND LEWIS* |

7

Stephen D. Counts, Esq.
SMAILI & ASSOCIATES, PC
2114 North Broadway, Suite 200

8

Santa Ana, CA 92706
(714) 547-4700

9

jihad@smaililaw.com
stephen@smaililaw.com

10

11

12

I declare under penalty of perjury under the laws of the United States of America that the

13

above is true and correct.  Executed this January 15, 2026, at San Diego, California.

14

15

16

_____/s/ Annie M. Turner_____
ANNIE M. TURNER

17

18

19

20

21

22

23

24

25

26

27

28